IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTINE ANGEL JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-56-JFH-GLJ |
| | ) |
| JEFF HAINES, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on two motions from pro se Plaintiff Justine Angel Jackson. Plaintiff filed this case in the Western District of Oklahoma on December 28, 2024, and it was transferred to this Court on March 3, 2025 [Docket Nos. 1-3, 6-8]. The Court referred this case to the undersigned Magistrate Judge on July 18, 2025 for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 35].

On April 2, 2025, Plaintiff filed an "Affidavit of Truth" [Docket No. 10], which contains a number of factual allegations, legal citations, and Bible Scripture references. Defendant responded on April 15, 2025, noting that the affidavit did not comply with Federal Rules of Civil Procedure or this Court's Local Rules, and asking the Court to strike the Affidavit of Truth. *See* Docket No. 15. Defendant also moved to dismiss Plaintiff's Complaint [Docket No. 12], which is addressed by this Court in a previous order [Docket No. 36].

Plaintiff now moves for default judgment and for a hearing to present evidence.  The undersigned Magistrate Judge first notes that while the Court shall liberally construe Plaintiff's pro se pleadings, *see Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a pro se litigant's pleadings); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a pro se party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."), "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *see also U.S. v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977) ("The hazards which beset a layman when he seeks to represent himself are obvious.  He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket.") (citing, *inter alia*, *Garrison v. Lacey*, 362 F.2d 798 (10th Cir. 1966), *cert. denied*, 387 U.S. 911 (1967)).

"Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."  10A Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 2682 (4th ed. 2019).  In other words, Rule 55 "mandates a two-step process[.]" *Williams v. Smithson*, 1995 WL 365988 *1 (10th Cir. June 20, 1995); *e.g., Meyers v. Pfizer. Inc.*, 581 Fed. Appx. 708, 710 (10th Cir. 2014) (entry of default judgment involves two-step process); *Guttman v. Silverberg*, 167 Fed. Appx. 1, 1 n.1 (10th Cir. 2005) (entry of default and entry of default judgment are two separate procedures); *Christ Center of Divine Philosophy, Inc. v. Elam*, 2017 WL 564110, at *1

(W.D. Okla. February 10, 2017) (Rule 55 provides two distinct sequential steps: entry of default and entry of default judgment).

A plaintiff seeking a judgment by default under Rule 55(b)(2), as Plaintiff has done, must first inform the Court that the opposing party has failed to answer or otherwise respond to the allegations in the complaint. This is done by "show[ing] by affidavit or otherwise," Rule 55(a), *supra*, that the defendant in question "has failed to plead or otherwise defend," *id.*, *and* by requesting that the Clerk of the Court "enter th[at] party's default." *Id*. Only after an entry of default has been issued by the Clerk may the plaintiff "apply to the [C]ourt for a default judgment." Rule 55(b)(2), *supra*.

An entry of default by the Clerk under Rule 55(a), supra, must therefore precede the grant of a default judgment, *e.g.*, *Meyers*, 581 Fed. Appx. at 711 (entry of default necessary for court to grant default judgment), and the record in this case does not establish that Plaintiff has requested by separate motion or application that the Clerk enter default against Defendant. Plaintiff is therefore not entitled to the relief she has requested. *E.g., Garrett v. Seymour*, 217 Fed. Appx. 835, 838 (10th Cir. 2007) (entry of default by clerk under Rule 55(a) is prerequisite for entry of default judgment under Rule 55(b)); *Christ Center of Divine Philosophy*, 2017 WL 564110, at *1 (only when clerk has complied with party's request to enter default, may party seek default judgment); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2682, at 10-11 (4th ed. 2016)(prior to obtaining default judgment under Rule 55(b)(2), there must be entry of default as provided by Rule 55(a)).

More importantly here, however, even after the proper procedure is followed, default judgment should be entered *only* "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Default judgment is a harsh sanction intended to punish parties who exhibit a "callous disregard of their responsibilities" and should be entered only on a showing that a party willfully failed to comply with the Court's orders. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (internal quotation omitted). Such callousness is required because the Federal Rules of Civil Procedure "generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities." *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 9 (Dist. D.C. 2004).

Plaintiff has moved for the default on the basis of Defendant's alleged failure to respond to her "Affidavit of Truth." Not only is her "Affidavit of Truth" an improper pleading for which Defendant had no obligation to respond, but Defendant did respond within fourteen days. Furthermore, Defendant timely moved to dismiss Plaintiff's Complaint, which is the operative document for Plaintiff's claims in this case. The undersigned Magistrate Judge thus finds that default, even if Plaintiff were to follow the appropriate process, would not be proper here because Defendant was under no obligation to respond to Plaintiff's improper pleading but nevertheless did so within fourteen days and further properly and timely responded to Plaintiff's Complaint.

ACCORDINGLY, the undersigned Magistrate Judge finds that Plaintiff's Notice of Default Judgment [Docket No. 16] and Plaintiff's motion to Set Default hearing to Present

-5-

Evidence [Docket No. 17] should be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of Court upon a showing of good cause.

    **IT IS SO ORDERED** this 18th day of July, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**