IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JUSTINE ANGEL JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-25-56-JFH-GLJ |
| | ) |
| **JEFF HAINES,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on motion by Defendant Jeff Haines to dismiss this case. This case was referred to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636, on July 18, 2025 [Docket No. 35]. Having considered the motion and all relevant filings, the undersigned Magistrate Judge makes the following recommendations: (i) Defendant Jeff Haines' Motion to Dismiss [Docket No. 12] and Defendant Haines' Renewed Motion to Dismiss [Docket No. 40] be GRANTED, (ii) Defendant Haines' Motion for Sanctions [Docket No. 41] be DENIED, (iii) Plaintiff's Motion to Submit Evidence with Attached Exhibits [Docket No. 44] be DENIED, (iv) Plaintiff's Motion to Strike Defendant's Harassing Filings and Notice of Abuse of Process [Docket No. 46] be DENIED, (v) Plaintiff's Motion to Amend Defendant and Clarify Capacity [Docket No. 52] be DENIED, and (vi) Plaintiff's Motion for Defendants to Produce Alleged Injured party (Corpus Delicti/Federal Civil Case) [Docket No. 55] be DENIED.

## I. Background and Procedural History

Plaintiff, proceeding *pro se*, filed this action in the Western District of Oklahoma, in Case No. CIV-24-1329-D, on December 18, 2024 [Docket No. 4]. She sought and was granted *in forma pauperis* status on Decembre 19, 2024 [Docket Nos. 3, 12]. The Western District of Oklahoma then granted Defendant's motion to transfer this case to the Eastern District of Oklahoma, on March 3, 2025 [Docket Nos. 6-8].[1] Upon transfer, Defendant moved to dismiss this case on April 3, 2025 [Docket No. 12]. On April 21, 2025, Plaintiff then moved for default judgment and for a hearing [Docket Nos. 16-17]. Plaintiff's original Complaint named the State of Oklahoma and Jeff Haines as defendants in this case, but the State of Oklahoma was dismissed for failure to prosecute on June 24, 2025 [Docket Nos. 1, 13, 30].

The undersigned Magistrate Judge recommended that Plaintiff's motion for default judgment and for hearing be denied, and the District Court adopted the findings and recommendation on August 4, 2025 [Docket Nos. 38, 39]. Additionally, the undersigned Magistrate Judge invited Plaintiff to amend the Complaint on or before August 8, 2025 [Docket No. 36]. Plaintiff did not file an Amended Complaint on or before August 8, 2025, and Defendant therefore filed a renewed motion to dismiss and a motion for sanctions on August 21, 2025 [Docket Nos. 40-41]. Plaintiff responded to the motions and also moved to submit four exhibits "into the record" and to strike Defendant's motion for sanctions and renewed motion to dismiss [Docket Nos. 42, 44, 46].

---

[1] Defendant also moved to dismiss Plaintiff's case in the Western District of Oklahoma, but the Western District chose to transfer the case rather than address the merits.

On November 20, 2025, Plaintiff filed a motion for leave to amend the named Defendant in this case, from Jeff Haines to Caddo Police Department as representative of Haines in his official capacity as a police officer [Docket No. 52]. Without leave of Court, Plaintiff then filed her Amended Complaint and filed an additional motion for Defendant to produce evidence related to her underlying claim [Docket Nos. 54-55].

## II. Analysis

*A. Motion to Dismiss and Renewed Motion to Dismiss* (Docket Nos. 12, 40).

Haines filed his original motion to dismiss [Docket No. 12] on April 3, 2025, asserting the Complaint is vague, conclusory, and fails to clearly identify specific causes of action. Nevertheless, Defendant attempts to address and rebut potential causes of action. Following Plaintiff's failure to timely amend her complaint in August 2024, Defendant renewed his motion to dismiss on the same grounds [Docket No. 40] on August 21, 2025. Plaintiff failed to respond to the original motion to dismiss but responded to Defendant's renewed motion to dismiss on September 10, 2025 [Docket No. 42], asking the Court for lenience on timeliness issues and reporting she had been in jail since May 7, 2025. Plaintiff made no substantive response to the arguments in the motions to dismiss, but indicated she needed to file evidence in support of her claims. On October 6, Plaintiff filed her Motion to Submit Evidence with Attached Exhibits [Docket No. 44]. She attached certain exhibits and also mailed in a USB drive, which was scanned by the Court and determined to be blank. *Id.*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678. In reviewing a motion to dismiss, the Court "assume[s] the truth of all well-pleaded facts in the complaint," and construes all reasonable inferences in the light most favorable to the Plaintiff. *Western Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017). A court generally

may not consider evidence extraneous to the complaint when ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to one for summary judgment. *David v. City & Cty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

Because Plaintiff is proceeding *pro se*, the undersigned Magistrate Judge liberally construes her pleadings. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a *pro se* litigant's pleadings); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a *pro se* party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."). A plaintiff is not required to make out a perfect case in their complaint. Rather, "[i]t suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 267 (10th Cir. 1994).

Plaintiff identifies on the Civil Cover Sheet that her cause of action is "police officer made an unlawful arrest & verbal & physical assault." Docket No. 1, Ex. 1. She cites 18 U.S.C. §§ 241-242 for the jurisdictional basis, which are criminal statutes related to conspiracy and deprivation of rights under color of law. *Id.* In the actual Complaint, Plaintiff leaves blank the statutory or constitutional basis for federal question jurisdiction, despite indicating that jurisdiction is based on federal question. Docket No. 1, p. 3. In the "Statement of Claim," Plaintiff's Complaint alleges in its entirety:

> Jeff unlawfully arrested me, hit me multiple times, used profanity while threatening to break my arm while he had both his hands around my left arm twisting it, inflicting pain upon me, he traumatized me, he has caused major mental anguish, towed my car and took me to jail on false charges.

> September 6, 2024 falsely accused of obstructing 'Charles Phillips.' That man is not an officer nor was he present September 6.

Docket No.1, p. 4.  Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'"  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotation omitted)).

Defendant interprets Plaintiff as making potential claims for:  (1) false arrest, (2) assault and battery, (3) excessive force, (4) malicious prosecution, and (5) an Oklahoma tort claim.  However, "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed. Appx. 414, 415-416 (10th Cir. 2003) (citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law)).  Plaintiff specifically states in her original Complaint that she brings her claims under §§ 241-242, and the undersigned Magistrate Judge declines to speculate on whether she intended to bring the case pursuant to other statutes.  *Parks v. Kansas*, 2007 WL 593634, at *1 (D. Kan. Feb. 21, 2007) ("Plaintiff explicitly states in his original complaint that he brings his claims under § 241, and the court does not speculate on whether he intended to bring his case pursuant to other statutes.").

Even liberally construing this Complaint to allege a 42 U.S.C. § 1983 claim, the undersigned Magistrate Judge finds Plaintiff has failed to state a claim.  Plaintiff does not identify the constitutional amendment allegedly violated. As a result, Plaintiff does not state a claim pursuant to 42 U.S.C. § 1983 in the original Complaint, and any such claims

would be subject to dismissal pursuant to Fed. R. Civ. P. 8(a) and/or 12(b). Accordingly, the undersigned Magistrate Judge finds that Defendant Jeff Haines' Motion to Dismiss [Docket No. 12] and Defendant Haines' Renewed Motion to Dismiss [Docket No. 40] should both be GRANTED, and that Plaintiff's Motion to Submit Evidence with Attached Exhibits [Docket No. 44] be DENIED as the undersigned Magistrate Judge declines to convert the motions to dismiss to motions for summary judgment.

      *B. Motion to Amend Complaint* (Docket Nos. 52, 54)

"Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment." *Frank v. U.S. West Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

Pursuant to Federal Rule of Civil Procedure 15(a)(2), if over 21 days have passed since the service of the earlier of either a responsive pleading or a motion under Rule 12(b), (e), or (f), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff moved to amend the Complaint over four months after this Court's previous deadline allowing an Amended Complaint, and the motion fails to set forth any reason for Plaintiff's failure to comply with the previous deadline. The Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the

-7-

motion has no adequate explanation for the delay.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank,* 3 F.3d at 1365-1366); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."); *Fed. Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect.  For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").  Furthermore, Plaintiff was aware of the identity of the relevant parties well before the deadline and has therefore failed to show good cause or excusable neglect for the motion's untimeliness.  Plaintiff then filed the proposed Amended Complaint without leave of Court.

While Plaintiff's Motion to Amend Defendant and Clarify Capacity (Docket No. 52) provides no basis for the untimely filing, in Plaintiff's Response to Defendant's renewed motion to dismiss, filed September 10, 2025, Plaintiff alleges she had been unable to file anything since May 7, 2025, because she had been in jail.  *See* Docket No. 42, p. 1.  She also made this assertion in a filing on July 1, 2025.  *See* Docket No. 33.  Since September 10, 2025, however, Plaintiff has filed numerous responses and motions in this case. *See* Docket Nos. 42, 44-47, 51-55.  Plaintiff makes no attempt to explain the lengthy delay between September 10, 2025, and November 20, 2025, when she requested leave to file her amended Complaint.  "In this circuit, untimeliness alone may be a sufficient basis for denial of leave to amend, especially when the party filing the motion does not have an adequate explanation for the delay." *Leatherwood v. Rios*, 705 Fed. Appx. 735, 740 (10th

-8-

Cir. 2017) (citing *Frank*, 3 F.3d at 1365–66; *see also Minter*, 451 F.3d at 1206). But even if Plaintiff's delay is excusable based on her provided explanation in her July and September 2025 filings, the undersigned Magistrate Judge finds that amendment would nevertheless be futile for the following reasons.

Plaintiff's proposed Amended Complaint enumerates four claims for relief: (i) violation of constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, (ii) assault and battery, (iii) false charges/malicious prosecution, and (iv) emotional and physical distress. Docket No. 43, pp. 8-9. Plaintiff also seeks to change the Defendant in this case from Haines as an individual officer to the Caddo Police Department. Plaintiff alleges that the name change is based on Jeff Haines operating in his "official capacity as a police officer." Docket No. 52, p. 1, ¶ 2. "Official-capacity suits [are] . . . in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (internal citations omitted). To establish municipal liability based on Haines's conduct, Plaintiff must show Haines had final policymaking authority and that Haines's decisions (or ratification of a subordinate's decisions) were the moving force behind Plaintiff's alleged constitutional injury. *See Hinkle v. Beckham Cty. Bd. Of Cty. Comm'rs*, 962 F.3d 1204, 1239-1240 (10th Cir. 2020). Plaintiff's proposed Amended Complaint makes no allegation that Haines had final policymaking authority, and her arguments are centered on his individual actions as a police officer. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (Courts may deny leave to amend for, *inter alia*, "futility of amendment"). The undersigned Magistrate Judge

therefore recommends that Plaintiff's Motion to Amend Defendant and Clarify Capacity [Docket No. 52] be denied as untimely and futile, and further recommends that the Amended Complaint be stricken as it was filed without leave of Court.

*C. Motion for Sanctions*

Defendant Haines moves for sanctions against Plaintiff, noting the number of filings in this case, as well as filings in another case filed by Plaintiff, *see* CIV-25-141-JAR, *Jackson v. Orozco et al.*[2] Defendant notes that Plaintiff failed to comply with the deadline to amend the complaint, and asserts she has "presented baseless briefs and pleadings," which require Defendant to respond to frivolous arguments. Defendant therefore requests the sanction of dismissal pursuant to Fed. R. Civ. P. 11, a monetary award, as well an injunction prohibiting Plaintiff from filing future complaints without the prior approval of the Court. "In federal court, litigants who appear *pro se* are permitted leniency as to the construction of their pleadings, but they are not permitted to abuse the judicial process by repeatedly filing nonsensical requests for relief." *Clervrain v. Nejen*, 2021 WL 6298322, at *2 (N.D. Okla. May 4, 2021) (citing *In re Sindram*, 498 U.S. 177, 179-80 (1991) (noting that "the [United States Supreme] Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests"); *DePineda v. Hemphill*, 34 F.3d 946, 948

---

[2] The Court may take judicial notice of both its own docket sheets and other state or federal court docket sheets. *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

(10th Cir. 1994) (noting that the plaintiff "was given the leniency due *pro se* litigants" finding it appropriate to impose filing restrictions against the plaintiff, and reasoning, in part, that the "[p]laintiff has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions")).

Based on the recommendations above, the undersigned Magistrate Judge finds the request for dismissal is moot and declines to recommend the award of monetary sanctions or an injunction requiring prior approval at this time. Accordingly, the undersigned Magistrate Judge recommends that Defendant's motion for sanctions [Docket No. 41] be DENIED.

### D. Remaining Motions

In light of the above recommendations, the undersigned Magistrate Judge recommends that the following additional motions filed by Plaintiff should be denied: Plaintiff's Motion to Strike Defendant's Harassing Filings and Notice of Abuse of Process [Docket No. 46], and Plaintiff's Motion for Defendants to Produce Alleged Injured party (Corpus Delicti/Federal Civil Case) [Docket No. 55].

## CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that (i) Defendant Jeff Haines' Motion to Dismiss [Docket No. 12] and Defendant Haines' Renewed Motion to Dismiss [Docket No. 40] be GRANTED, (ii) Defendant Haines' Motion for Sanctions [Docket No. 41] be DENIED, (iii) Plaintiff's Motion to Submit Evidence with Attached Exhibits [Docket No. 44] be DENIED, (iv) Plaintiff's Motion to Strike Defendant's Harassing Filings and Notice of Abuse of Process [Docket No. 46] be DENIED,

(v) Plaintiff's Motion to Amend Defendant and Clarify Capacity [Docket No. 52] be DENIED, and (vi) Plaintiff's Motion for Defendants to Produce Alleged Injured party (Corpus Delicti/Federal Civil Case) [Docket No. 55] be DENIED.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A response shall be due within fourteen days of any objection.  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

    IT IS SO ORDERED this 11th day of December, 2025.

                                        **GERALD L. JACKSON**
                                        **UNITED STATES MAGISTRATE JUDGE**